Learned, P. J.
The only question at issue is whether the guaranty, which now appears on the hack of the note, was there when defendant endorsed it. The verdict of the jury in defendant’s favor should be conclusive, unless there were errors requiring a reversal.
The defendant, a witness on his own behalf, testified that the guaranty was not on the note when he signed it. He was asked: “State what Beardslee (the maker) requested of you when he brought you the note ? ”
Of course what Beardslee said did not alter defendant’s liability. The answer was only proper as a part of the transaction; as showing defendant’s attention was called to the matter at the time and as negativing any authority to make any other contract. It showed the agreement under which he put his name on the note.
Defendant’s written admission of service of summons and complaint was properly excluded. It had nothing to do with the case.
The evidence of Conger, that plaintiff had applied to him as to the form of a guaranty, was not objected to.
The subsequent question, “State the time,” etc., was objected to as immaterial and that plaintiff’s answer on cross-examination was conclusive. The plaintiff had testified to the time of this conversation apparently without objection. The witness answered the question: “About the time I heard of the non-protesting this note.” This answer was immaterial, and the witness could not give the date.
The plaintiff asked the court to charge that if the defendant, on July 14, 1880, promised to pay the note, as stated by plaintiff, and the defendant knowing the facts, then he is liable. The court charged that this was a question for the jury to consider. The plaintiff had testified that on July 14, 1880, defendant said to him: “Bouck, have you that promissory note; I will pay it. I really wouldn’t want to swear the guaranty was not there.” This the defendant denied.
The testimony of plaintiff did not show an admission of the defendant, even if taken as true. Nor was this a case of ratification. No one has written this guaranty claiming to act as defendant’s agent or partner. The guaranty was either there when defendant signed or else it was wrongfully put on afterwards.
Defendant’s promise to pay, assuming plaintiff’s testimony to be correct, was a mere voluntary promise without *384 any consideration whatever. It was evidence for the jury to consider.
We have not only examined the exceptions taken by the plaintiff, but we have examined the whole case, and we see no reason to believe it was not properly disposed of. There was some conflict of evidence. That was for the jury to pass upon. They had the witnesses before them and the note also, which has been produced before us. Possibly the appearance of the witnesses and of the note itself might have had some influence on the jury.Judgment and order affirmed with costs.
Landon and Mayham, JJ., concur.